UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

        Plaintiff,

v.                                            Case No. 17-C-390

FOND DU LAC COUNTY,
GARY PUCKER,
JOHN AND JANE DOES, and
JANE DOE CLINICIAN,

        Defendants.

## SCREENING ORDER

Plaintiff Christopher Goodvine, who is incarcerated at the Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court for screening Plaintiff's complaint and on his petition to proceed *in forma pauperis*. Plaintiff lacks the funds to pay the partial filing fee. Therefore, the court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson*

*ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must,

2

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On January 31, 2017, Plaintiff was booked into the Fond du Lac County Jail. Plaintiff's fiancé informed the booking officer, John Doe 1, that Plaintiff was a cutter, could not tolerate isolation, and needed his medications. On February 5, 2017, Plaintiff alleges he informed Sergeant Jane Doe 2 that he was despondent and that being placed in isolation would result in him attempting suicide, but she placed him in isolation without taking any precautions. He asserts that he told John Doe 3 that he was suicidal and was going to cut himself very badly. John Doe 3 indicated he would notify Sergeant Jane Doe 2. At some unspecified time, Plaintiff cut his right arm. He was taken to the emergency room where he was treated. Plaintiff alleges that hospital staff "urged" Sergeant Jane Doe 2 to complete paperwork for a Chapter 51 emergency detention to place Plaintiff in a stabilized mental health facility. He asserts Jane Doe 2 did not complete this paperwork until February 7, 2017.

3

Plaintiff returned to the Fond du Lac County Jail on February 5, 2017 where he was placed in a "dungeon-like" cell. Plaintiff claims he should have been monitored by John Does 2 through 6 but was not. He asserts he informed Jane and John Does 4 and 5 that he was going to cut himself again but they did not take any action. As a result, Plaintiff cut his left arm. He was again taken to the emergency room to be treated.

Plaintiff returned to the Jail on February 8, 2017. He was again placed in a "dungeon-like" cell without any further precautions regarding his self-harm. He complained to Sergeant John Doe 7 about the lack of precautions for approximately one hour. He alleges that after he told John Doe 7 that he would sue him, Plaintiff was placed in a restraint chair for eight to nine hours. John Doe 7 noted that Plaintiff was placed in the restraint chair because he tampered with and picked at his cuts. Plaintiff alleges that when he showed John Doe 7 his arms, his cuts and bandages were in tact. Plaintiff alleges John Doe 7's reasoning for putting him in the restraint chair was pretext and that he put him in the restraints in retaliation of Plaintiff's threat to sue him. Plaintiff asserts Sergeant John Doe 7 and Sergeant John Doe 8 refused to remove him from the chair or call a medical professional to triage him.

On February 9, 2017, Plaintiff informed John and Jane Does 9 through 12 as well as Jane Doe clinician that he was suicidal. He alleges that as a result of their failure to monitor him, he eventually cut his left wrist and required hospitalization. Plaintiff returned to the Jail on February 10, 2017.

The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison

4

officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A prisoner's claim for deliberate indifference must establish both an objectively serious medical condition existed, and that the defendants were subjectively aware of and consciously disregarded the prisoner's medical need. *Id.* at 837. Under this standard, Plaintiff has at least stated a colorable cause of action and may proceed on his deliberate indifference claim against John/Jane Does 2 through 6 and 9 through 12 as well as Jane Doe clinician. However, Plaintiff has failed to state a claim against John Doe 1. He has not demonstrated that John Doe 1 disregarded Plaintiff's medical need. Accordingly, the court will dismiss him as a defendant.

Moreover, Plaintiff cannot proceed on his deliberate indifference and retaliation claims against John Does 7 and 8. To assert an Eighth Amendment claim, a plaintiff must allege an objectively serious medical condition and that defendants acted with deliberate indifference to that condition. *See Farmer*, 511 U.S. at 834. Plaintiff's complaint concerning his placement in restraints fails to satisfy both requirements. First, eight to nine hours in restraints, while uncomfortable, does not implicate the Eighth Amendment. *See Cunningham v. Eyman*, 17 F. App'x 449, 454 (7th Cir. 2001). Further, Plaintiff's actions gave rise to the use of restraints. Plaintiff alleges he complained to John Doe 7 for an hour about being in the "dungeon-like" cell and about the Jail's lack of precautions regarding his self-harm. When John Doe 7 ultimately placed Plaintiff in the restraint chair, it was because Plaintiff was tampering with and picking at his cuts. By restraining Plaintiff, John Does 7 and 8 were responding to Plaintiff's medical condition. It therefore follows that they were not deliberately indifferent.

Plaintiff also claims that John Doe 7 retaliated against him by putting him in the restraint chair because Plaintiff threatened to sue him. To prevail on a retaliation claim, a plaintiff must specify a retaliatory action, name the appropriate defendants, and assert a constitutionally-protected activity, the exercise of which caused the retaliatory action. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). While Plaintiff attempts to meet this standard, he has instead pleaded himself out of court by alleging facts which clearly demonstrate that the actions complained of were not in retaliation of his constitutionally-protected conduct but rather in response to his suicidal ideation. A prisoner cannot transform such actions into a federal lawsuit simply by adding the conclusory allegation that, in taking such actions, the guards were also retaliating against him for other, constitutionally-protected conduct. Under these circumstances, the court can discern no valid retaliation claim. Plaintiff's claims of retaliation must be dismissed. In short, Plaintiff fails to state a claim against John Does 7 and 8, and the court will dismiss them as defendants.

Plaintiff further asserts claims against Fond du Lac County and Sheriff Gary Pucker. He claims that the jail has a policy of failing to provide direct monitoring of inmates, failing to train its deputies to submit Chapter 51 paperwork and to properly use restraint chairs, and failing to require medical staff to observe inmates in restraint chairs. He asserts that Pucker is liable for making these policies. Municipalities cannot be held liable for damages under § 1983 unless a policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). A policy or custom can take one of three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

6

*Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1113 (7th Cir. 2000). "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) (citing *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994)). Here, the allegations of the complaint do not plausibly suggest that any such policy or custom exists or that any policy is "permanent and well settled." *Brokaw*, 235 F.3d at 1113. Accordingly, Plaintiff fails to state a claim against the county and Gary Pucker. Finally, Plaintiff's complaint fails to mention John Does 13 through 15. Because the complaint fails to state a claim against them, the court will dismiss them as defendants.

In sum, Plaintiff may proceed on an Eighth Amendment deliberate indifference claim based on his allegations against defendants John/Jane Does 2 through 6 and 9 through 12 as well as Jane Doe clinician. Plaintiff is advised that he should use discovery to identify the Doe defendants. Plaintiff may seek assistance from the court if he is unable to discover their names on his own. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Although Plaintiff failed to state a claim against him, Defendant Pucker, who is the Fond du Lac County Sheriff, will remain as a named defendant until the plaintiff is able to identify the Doe defendants who were personally involved. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 & n.3 (7th Cir. 1996). Within 120 days of the date of this Order, however, Plaintiff should file a motion requesting to substitute the proper names of the defendants.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Fond du Lac County and John/Jane Does 1, 7, 8, and 13 through 15 are **DISMISSED**.

**IT IS ALSO ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent to the Wisconsin Department of Justice for service.

**IT IS FURTHER ORDERED** that defendant shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that Plaintiff file a motion requesting to substitute the proper names of the Doe defendants within 120 days of the date of this Order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin

Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of these institutions, he will be required to submit all correspondence and legal material to:

>  Honorable William C. Griesbach
>  % Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  Jefferson Court Building
>  125 S. Jefferson St., Rm. 102
>  Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any changes of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED** this  21st  day of April, 2017.

>  s/ William C. Griesbach
>  William C. Griesbach, Chief Judge
>  United States District Court